Clyde Ellis Threet, Faye Novaline Threet v. Commissioner.
Threet v. Commissioner
Docket No. 87575.
United States Tax Court
T.C. Memo 1962-171; 1962 Tax Ct. Memo LEXIS 137; 21 T.C.M. (CCH) 949; T.C.M. (RIA) 62171; July 23, 1962
Faye Novaline Threet, 602 Collier Ave., Florence, Ala., for the petitioners. Glen W. Gilson II, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent has determined a deficiency in income tax against the petitioners for the calendar year 1958 in the amount of $570.03. The questions presented are whether the petitioners are entitled to deductions of (1) $200 as a business expense for ordinary khaki work clothes; (2) $1,080 for transportation; and (3) $840 for meals while away from home. Findings of Fact Some of the facts have been stipulated and are found as stipulated. Petitioners *138 are husband and wife and residents of Florence, Alabama. They filed their joint income tax return for the taxable year 1958 with the district director of internal revenue for Alabama. Clyde Ellis Threet, hereafter referred to as petitioner, has been employed for approximately twelve years by the Pressure Concrete Company, owned by petitioner's brother, and hereafter referred to as employer. The home office of the employer is at Florence, Alabama, but it contracts for construction jobs on pneumatically placed concrete throughout the United States. During 1958, the petitioner was employed as a straight salaried superintendent and was assigned to supervise various construction projects. During 1958, petitioner was away from Florence on construction jobs for fifty weeks. Petitioner's wife accompanied him for forty of these weeks and during those weeks they maintained no home and had no place of abode elsewhere. About a month before giving birth to a baby she went to Waterloo, Alabama. During the two weeks petitioner was not working and the twelve weeks his wife was not with him, they used a house owned by a relative at Waterloo, which is approximately 25 miles from Florence. They *139 paid no rent but did pay utility bills for the use of the house during the time they occupied it. During 1958, petitioner had no duties in Florence, all of his duties being on the construction jobs to which he was assigned away from Florence. He worked on a sewer job in St. Joseph, Missouri, from the latter part of 1957 through the first three or four months of 1958. During 1958 he also worked in Birmingham, Alabama, on a bridge job; in Tuscaloosa, Alabama, on an undetermined job; in South Carolina on a tank at a mill; and in Sheffield, Alabama, on an acid tank. Petitioner superintended crews of six to twenty men, depending on the size of the construction job. His specific duties varied to some extent, but his principal work was placing concrete by shooting it through a hose. A man doing such work was referred to as "the nozzleman." He worked in ordinary khaki clothes which became soiled by concrete. On the acid tank job some acid got on some of his clothing and ruined them. He was not required to wear any special clothes and the clothes he wore were adaptable to general wear. During 1958, petitioner used his own "pick-up" truck in the performance of his work and in traveling *140 from one construction assignment to another. For the use of the truck his employer paid him $10 a week and furnished the necessary oil and gas. Petitioner was not required by his employer to use his own truck but he preferred to do so for his own convenience. The employer had trucks which were used on the sites and to transport employees. It would have supplied one for petitioner's use had petitioner so desired. On a statement attached to the return petitioner showed income of $8,071.09, plus the allowance of $520 for use of the truck, or a total income of $8,591.09. A deduction for travel expense in the amount of $2,650 was taken. $5,941.09 was reported as adjusted gross income. The travel expense was explained as follows: Travel for construction contractor, away from home 50 weeks in 1958. Use personal pick-up truck for transportation between jobs, on job for hauling men, materials, tools. Reimbursed $10.00 weekly for use of truck. Lodging paid by company. Truck driven 20,000 miles, 100% business use. Meals 50 weeks at $21.00
$1050.00
Transportation 20,000 at.08
1600.00
$2650.00 Petitioners itemized their deductions and reported total deductions of $1,048.79. *141 Under "Other Deductions" a deduction was claimed in the amount of $200 for "work-clothes - 200.00 (ruined in concrete work and acids in sewer repair)." Respondent allowed a deduction of $520 for transportation (the amount of reimbursement) and a deduction $210of for meals, convering ten weeks at $21 per week, and disallowed the deduction for meals while petitioner and his family were together. As the remainder of deductions allowed were less than the standard deduction allowable, respondent recomputed the tax on the standard deduction method. Opinion The deductions in question relate to clothing, meals away from home and transportation, all of which petitioners contend are connected with petitioner's trade or business and deductible under section 162 of the Internal Revenue Code of 1954. Ordinarily, expenses for food and clothing are personal expenses, which are expressly made nondeductible by virtue of section 262 of the Code. Section 162 provides deduction of "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," and in connection with travel expenses does permit a deduction for the amount expended *142 for meals and lodging "while away from home in the pursuit of a trade or business." The evidence shows that petitioner was not required to wear a uniform or a particular type of clothing in the performance of his duties for his employer. He wore ordinary khaki clothes which were adaptable to general wear. Petitioners contend that an estimated $200 was expended for work clothes during the taxable year because of clothing that was soiled or ruined while petitioner was at work. While the testimony shows that some clothing was soiled by concrete adhering to it and that on one construction job some clothing was ruined by acid from the tank in which petitioner worked, such facts alone do not establish a right of deduction. No doubt the clothing was subjected to harder use and more wear and tear during work than during general wear, but as the clothing was adaptable to and was worn off as well as on work, it is considered as personal clothing, the expense of which is not deductible. James Donnelly, 28 T.C. 1278, affd. 262 F. 2d 411; Louis M. Roth, 17 T.C. 1450; Harry A. Roberts, 10 T.C. 581, 176 F. 2d 221; Louis Drill, 8 T.C. 902. *143 The next deduction claimed relates to meals while away from home in pursuit of petitioner's trade or business. Petitioners claimed a deduction in the amount of $1,050, based on 50 weeks at $21 per week, or $3 per day. During the first 40 weeks petitioners lived together at the respective construction sites to which petitioner was assigned. They were not maintaining a home in Florence or anywhere else until petitioner's wife went to Waterloo for the purpose of having a baby. Because she was maintaining a home there during the ten weeks petitioner was away from her on his work, respondent has allowed a deduction of $210. The testimony shows that "home was where we were," and since for 40 weeks they maintained no home other than where petitioner was working, the expense for petitioner's meals while on such work is not deductible. Wilson John Fisher, 23 T.C. 218, affd. 230 F. 2d 79; Charles E. Duncan, 17 B.T.A. 1088, affd. 47 F.2d 1082. The last deduction in question is in the amount of $1,600 claimed by petitioners for transportation. As shown above, section 162 allows as a deduction all the ordinary and necessary expenses paid *144 or incurred during the taxable year in carrying on any trade or business, including travel expenses while away from home in the pursuit of such trade or business. Petitioner owned a pick-up truck which he used personally and which he chose to use to some extent in his employer's business. The employer did not require petitioner to furnish a truck or even to use the truck in the performance of his duties. The testimony shows that the employer had trucks of its own for the transportation and use of employees in the conduct of its business. Had petitioner so desired, his needs for a truck in the performance of his duties would have been supplied by his employer. Petitioner has produced no checks or receipts to show the expenditures he made in the use of his truck for his employer. However, the testimony does show that the employer not only furnished the gasoline and oil for petitioner's truck, but also paid petitioner $10 a week for the use of his truck in its business, or a total of $520 during the year. That amount appears to be what the employer thought was a reasonable amount to pay for the use of the truck, and respondent has allowed the travel expense deduction to that extent. Petitioners, *145 failing to establish that the truck was put to a greater use for the employer, and to show the outlay of expense for such use, are not entitled to the additional deduction for transportation in the amount of $1,080. Decision will be entered under Rule 50.