JAMES DONNELLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 62218. Filed September 30, 1957.

*James Donnelly, pro se.*
*Jules W. Breslow, Esq.,* for the respondent.

TIETJENS, *Judge:* The Commissioner determined deficiencies in the petitioner's income taxes for the years 1953 and 1954 in the respective amounts of $192.66 and $57.16.

There are two issues for decision: (1) Whether the petitioner is entitled to a deduction for the cost of clothing used in his occupation, and (2) whether the petitioner, a person suffering physical disability, is entitled to a deduction for the cost of operating a specially designed automobile in traveling to and from work.

### FINDINGS OF FACT.

The petitioner is an individual residing in Flushing, New York. He filed his income tax returns for 1953 and 1954 with the district director of internal revenue for the district of Brooklyn, New York.

The petitioner was a victim of infantile paralysis in 1916. His right leg and hip are paralyzed and he has only partial use of his left leg. The petitioner cannot walk unaided. Because of his physi-

cal condition he is unable, as a practical matter, to use public transportation in traveling to and from his job. However the petitioner owns an automobile, specially designed for people in his condition, which he drives to and from work. On his tax returns for 1953 and 1954 the petitioner deducted $831.84 and $979.20, respectively, for automobile expenses, which amounts were disallowed in their entirety by the Commissioner.

During the years 1953 and 1954 the petitioner was employed in a plastics plant. His job was the buffing and polishing of rough plastic products. Such work was hard on clothes and the petitioner wore strong work clothes and an apron while on the job. However the work clothes were not of a type specifically required by his employer, but were of a kind adaptable to general wear. Petitioner wore the apron to protect his work clothes. On his tax returns for 1953 and 1954 the petitioner deducted $37 and $28, respectively, for expenses of work clothes, which amounts were disallowed in their entirety by the Commissioner.

OPINION.

The petitioner tried and argued his case *pro se*. He seeks to justify deductions claimed on his 1953 and 1954 tax returns for automobile expenses incurred in traveling to and from his place of employment and for the cost of work clothes. The petitioner's arguments are many and varied. Most of them do not relate to the merits of the case, but instead relate to the merits of our taxing system. The latter arguments are, of course, irrelevant and will not be considered.

We turn first to the automobile expense issue. The petitioner's main argument, as we understand it, is that because of his physical condition the only way he can get to and from his job is through the use of his special automobile and that if he did not have such automobile then he would not be able to keep his job and earn an income which the Government could tax. Accordingly, he argues, he should be allowed a deduction for this expense which is directly related to producing his income. Deductions are a matter of legislative grace and only where there is clear statutory authorization therefor can any particular deduction be allowed. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435 (1934). We hold that the petitioner's automobile expenses are not deductible. In spite of the petitioner's physical condition which requires him to use a special automobile, his expenses related to that automobile are, in essence, nothing more than commuter's expenses which are personal in nature and therefore specifically not deductible. Sec. 24 (a) (1), I. R. C. 1939, and sec. 262, I. R. C. 1954. *Charles E. Cashman*, 9 T. C. 761 (1947); *John C. Bruton*, 9 T. C. 882 (1947). The petitioner makes an alternative

argument which, though appealing, has no merit and we must reject it. He argues that braces and crutches are deductible as medical expenses and therefore the costs of his special automobile should also be deductible because he uses the latter as a substitute for the former. The petitioner's argument, however, ignores the fact that his automobile expenses, unlike the expense of braces and crutches, do not represent expenses incurred *primarily* for the alleviation of a physical defect or illness, which is a requirement for deductibility of expenditures for medical care under section 23 (x), I. R. C. 1939, and section 213, I. R. C. 1954. Sec. 39.23(x)–1 (d) (1), Regs. 118, and sec. 1.213–1(e) (1) (ii), Income Tax Regs. See also Rev. Rul. 261, 1955–1 C. B. 307, 311.

As for the deduction for clothing expenses, the petitioner's argument is that his clothes and work aprons were worn out prematurely because of the rough materials worked on and the process used in his work, and thus his job forced him to purchase strong, heavy work clothes. The record indicates that the petitioner was not required by his employer to wear any particular type of clothing at his work, and it appears that the clothing which he did wear, except for the aprons, was of a kind adaptable generally to wear away from work as well as at work. It also appears that the aprons which the petitioner wore while at work were selected by him at his discretion for his convenience in his work and to save wear and tear on his other work clothes. The petitioner's costs of clothing are thus personal expenses and not deductible by him. *Louis M. Roth*, 17 T. C. 1450 (1952); *Louis Drill*, 8 T. C. 902 (1947). This is so, even though, because of the petitioner's occupation, his clothing was subjected to harder use and more wear and tear than usual. That is not determinative of the right to a deduction. *Louis Drill, supra.*

We think it not inappropriate to comment that the petitioner's presentation of his case has called for careful and sympathetic consideration. We are fully aware of the hardship that may well result from our approval of the Commissioner's determination, in view of the petitioner's limited earning power and substantial medical expenses, both of which are attributable to his poor physical condition. The law however does not allow us to make exceptions, even in the most appealing cases.

The amount of $57.16 stated in the deficiency notice for 1954 was incorrectly stated due to an inadvertent transposition of figures. By amended answer and testimony in support thereof the Commissioner has explained the occurrence of the error and shown that the correct deficiency is $201.43, which he now claims. This latter amount results from disallowance of the claimed deductions which we hold to be a proper disallowance.

*Decision will be entered for the respondent.*