James **DONNELLY**, Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Appellee.

No. 13, Docket 25023.

United States Court of Appeals Second Circuit.

Argued Oct. 16, 1958.

Decided Jan. 19, 1959.

James Donnelly, pro se.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, John J. Pajak, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before HAND, HINCKS and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Petitioner, a victim of infantile paralysis and abdominal cancer, seeks to reverse a Tax Court decision, 28 T.C. 1278, upholding a determination by the Commissioner of deficiencies in petitioner's income taxes for the years 1953 and 1954. During those years petitioner, as a practical matter, could not use public transportation. He drove to and from his work as a buffer and polisher of rough plastics in a specially designed automobile owned by him. On his job he wore aprons and strong work clothes. On his 1953 and 1954 income tax returns the petitioner deducted the sums he expended in operating his automobile to and from work and the expenses of his work clothes and aprons. The Commissioner disallowed these deductions in full. The Tax Court upheld the Commissioner.

We must affirm the Tax Court, but we think it not inapposite to state that we do so with reluctance. The petitioner's case excites our sympathy, but we are not permitted to make any exception in his favor.

██ The first question petitioner raises requires us to distinguish between an individual's personal expenses for which no deductions are allowed, 26 U.S.C. (I.R.C.1939) § 24(a)(1), 26 U.S.C. (I.R.C.1954) § 262, and those deductible expenses he incurs in seeking after profit, 26 U.S.C. (I.R.C.1939) § 23(a)(1, 2), 26 U.S.C. (I.R.C.1954) §§ 162, 212. The courts and the Commissioner have consistently held that expenses incurred in commuting to and from home and work are of a personal nature and hence nondeductible, Commissioner v. Flowers, 1946, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203; Bruton v. Commissioner, 1947, 9 T.C. 882; Cashman v. Commissioner, 1947, 9 T.C. 761; Sullivan v. Commissioner, 1924, 1 B.T.A. 93; Treasury Regulations 118 §§ 39.23(a)–2(i), 39.23(a)–15(f) (1939 Code), and 1.212.1(f) (1954 Code). These decisions apply to the facts of this case. Bruton v. Commissioner, supra. We cannot say that the personal nature of petitioner's expense was changed because he expended more, perhaps, than the average commuter, or because he traveled to and from his job in an especially designed conveyance owned by him.

██ Similarly, a majority of the court hold that the expenses petitioner incurred for his work clothes are not deductible expenses. The Commissioner and the courts are in agreement that in order for the expenses of work clothes to be deductible the clothes must be of a type specifically required as a condition of employment, and they must not be adaptable to general usage as ordinary clothing. Mim. 6463, 1950–1 Cum.Bull. 29; Bercaw v. C. I. R., 4 Cir., 1948, 165 F.2d 521; C. I. R. v. Benson, 9 Cir., 1944, 146 F.2d 191; Roth v. Commissioner, 1952, 17 T.C. 1450; Roberts v. Commissioner, 1948, 10 T.C. 581; Drill v. Commissioner, 1947, 8 T.C. 902. The court below found that the aprons and the strong clothing were not required as a condition of employment, and that the clothing was of a type adaptable to general usage. The facts so found appear to be undisputed. We cannot say that the Tax Court erred in disallowing the claimed deductions. The line delimiting personal expenses is often a difficult one to draw, but as heretofore drawn in the area here involved it has received long

acceptance and would appear not to have been defined unreasonably.

■ As a second contention petitioner seeks to deduct his automobile operating costs under the Code provisions permitting the deduction of expenses for medical care, 26 U.S.C. (I.R.C. 1939) § 23(x), 26 U.S.C. (I.R.C.1954) § 213. We hold with the Tax Court that the costs of operating an automobile to and from work cannot be contained in the statutory definition of "medical care"—the "amounts paid * * * for the diagnosis, cure, mitigation, treatment, or prevention of disease * *." 26 U.S.C. (I.R.C.1939) § 23(x), 26 U.S.C. (I.R.C.1954) § 213(e). The fact that an indirect medical benefit may result from a personal expense does not make that personal expense deductible under the "medical care" provisions of the statute. Ochs v. C. I. R., 2 Cir., 1952, 195 F.2d 692, 37 A.L.R.2d 545, certiorari denied 1952, 344 U.S. 827, 73 S.Ct. 28, 97 L.Ed. 643. See Treasury Regulations 118, Sec. 39.23(x)–1(d) (1) (1939 Code); Treasury Regulations on Income Taxes, Sec. 1.213–1(e)(1)(ii) (1954 Code). Under the language of the statute deductible expenses are limited to those *primarily* incurred for medical care. Hollander v. C. I. R., 3 Cir., 1955, 219 F.2d 934.

Affirmed.

HAND, Circuit Judge (dissenting in part).

I agree that the cost of an automobile may not be deducted, for it is not within § 213(e)(B) which allows a deduction for "transportation primarily for and essential to medical care referred to in subparagraph (A)," which subparagraph covers expenses for the "diagnosis, cure, mitigation, treatment, or prevention of disease." *Expressio unius, exclusio alterius.*

As to the wear and tear upon his clothing, I disagree with the Tax Court. I can see no reason for limiting such expenses to uniforms prescribed by the employer; to me that is an entirely arbitrary and capricious line to draw. Take, for example, the "apron" that this taxpayer wears to protect his clothes. I cannot think of anything more peculiarly an expense of the business than that: it had no other use, and it was necessary to prevent damage to his other property. I should also include any extra cost of the clothes that he had to wear in order to prevent or lessen the injury that ordinary clothes would suffer from the character of his work. The decisions of the Tax Court seem to me to leave uncertain the decision of this issue.