James B. Stuart v. Commissioner.
Stuart v. Commissioner
Docket No. 84074.
United States Tax Court
T.C. Memo 1960-194; 1960 Tax Ct. Memo LEXIS 95; 19 T.C.M. (CCH) 1011; T.C.M. (RIA) 60194; September 21, 1960
*95 Held, respondent committed no error in disallowing $165 claimed by petitioner as a deduction for work clothing and laundering, or in disallowing $857.07 of the $1,303.09 claimed by petitioner as a deduction for automobile expense and depreciation. James B. Stuart, pro se, 918 East Main Street, Richmond, Va. Charles C. Shaw, Jr., Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined a deficiency in income tax for the taxable year ended December 31, 1958, in the amount of $328.01. The issues are: (1) Whether the respondent committed error in disallowing $165 claimed by petitioner as a deduction for work clothing and laundering, and (2) whether the respondent committed error in disallowing $857.07 of the $1,303.09 claimed by petitioner *96 as a deduction for automobile expense and depreciation. Findings of Fact Petitioner is an individual with a residence in Richmond, Virginia. He filed his individual Federal income tax return for the calendar year 1958 with the director of internal revenue at Richmond. In this return petitioner reported wages, etc., of $9,693 as having been paid to him by Laburnum Construction Corporation of Richmond. Among the itemized deductions claimed were $165 for "Work clothing and laundering" and $1,303.09 for "Auto expense and depreciation." The respondent disallowed the entire deduction claimed for work clothing and laundering and $857.07 of the amount claimed for automobile expense and depreciation, thus allowing $446.02 of the amount claimed for automobile expense and depreciation. Laburnum Construction Corporation, hereinafter sometimes referred to as Laburnum, is engaged in industrial construction business throughout the United States. The industrial plants built or improved include plants for the production of chemicals, paper and pharmaceuticals. Laburnum has also built office buildings and warehouses. In his return petitioner gave his occupation as a construction superintendent. *97 He was employed by Laburnum as an estimator of bids on certain jobs. Part of his time was spent in the office and a part in the field. During the taxable year, petitioner spent 7 months on a special job in a chemical plant in West Virginia. While working in the office he wore clothes normally worn in an office. Laburnum did not require petitioner to wear any special type of clothing. While working on the special job, petitioner usually wore khaki trousers or some kind of work clothing. In the chemical plant, petitioner, by accident, would get acid on his clothes which would cause them to deteriorate when laundered or otherwise become wet. Sometimes he would walk in water with acid in it, and the soles of his shoes would disintegrate like cardboard. During the 7 months petitioner was on this special job he used 3 or 4 suits of work clothes and about two pairs of shoes. He estimated that the cost of such clothing, shoes, and laundry for this 7-month period was $165. Petitioner purchased a Lincoln Premier automobile in January 1958 at a cost of $6,428. During 1958, he used this automobile to travel out of town on long trips for Laburnum's benefit and was reimbursed by Laburnum for these *98 trips at the rate of 7 cents per mile. During 1958, he also used this automobile for short trips in and around Richmond and at various job sites for Laburnum's benefit for which petitioner was not reimbursed. Laburnum would have reimbursed petitioner for these short trips if petitioner had so requested but no request was made by petitioner because he kept no record of his expenses incident thereto. On his income tax return for 1958 petitioner deducted $1,303.09 for the short trip automobile expenses and depreciation, computed on the return as follows: Auto expense and depreciation
Auto cost $6,428. in Jan'y
1958 33 1/3
$2,142.67
16,000 miles at 7" per mile
1,120.00
$3,262.67
Less: 60% for non-business use
1,959.60
$1,303.09
Respondent allowed the amount claimed for expenses (40% of $1,120) [1] but disallowed the amount claimed for depreciation (40% of $2,142.67 equals $857.07) on the ground that 7 cents per mile would include an allowance for depreciation. *99 The amount allowed by respondent was sufficient to cover both petitioner's automobile expenses incurred for Laburnum's benefit and depreciation of his automobile for such business purpose. Opinion The respondent committed no error in disallowing the $165 claimed by petitioner for work clothing and laundering. Laburnum did not require petitioner to wear any special type of clothing. Petitioner testified that his work clothing "would be khaki pants or something in the nature of work clothes. They might even be semi-dress clothes." Since such clothing was not of a type specifically required by his employer but was of a kind adaptable to general wear, we hold that the cost of such clothing and the laundering thereof is personal in nature and not deductible. Sec. 262, I.R.C. 1954. [2] We have so held in several cases where the facts are substantially on all fours with the facts in the instant case. See Louis Drill, 8 T.C. 902; Harry A. Roberts, 10 T.C. 581, affirmed on other issues, 176 F. 2d 221 (C.A. 9); Louis M. Roth, 17 T.C. 1450, 1455; and James Donnelly, 28 T.C. 1278. *100 As to the amount claimed for automobile expense and depreciation, petitioner has claimed an automobile expense deduction calculated on the basis of 7 cents per mile and a separate deduction for depreciation. Respondent allowed an estimated amount ($446.02) which he has determined was sufficient to compensate petitioner for his short trip expenses including depreciation. Respondent arrived at the amount of $446.02 by subtracting the amount of depreciation claimed (40% of $2,142.67 = $857.07) from the total amount of $1,303.09 claimed by petitioner in his return. We hold that the evidence offered by petitioner does not show that the total of his expenses and depreciation exceeded the amount already allowed by the respondent. The repondent's determination on this issue is sustained. Decision will be entered for the respondent. Footnotes
1. It may be noted that petitioner made two errors of computation in his return. The amount of $1,959.60 should have been $1,957.60, and the amount of $1,303.09 should have been $1,305.07.↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩