George E. Horner v. Commissioner.
Horner v. Commissioner
Docket No. 4637-70 SC.
United States Tax Court
T.C. Memo 1971-41; 1971 Tax Ct. Memo LEXIS 290; 30 T.C.M. (CCH) 180; T.C.M. (RIA) 71041; March 8, 1971, Filed. George E. Horner, pro se, 188 Paine Ave., Irvington, N. J.George J. Mendelson, for the respondent. JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: The respondent determined a deficiency of $252.52 in petitioner's income tax for the taxable year 1967. The issue presented is whether petitioner is entitled to a deduction of certain transportation expenses as medical expenses under section 213 of the Internal Revenue Code of 1954. Some of the facts have been stipulated and those facts are so found. The petitioner's legal residence on the date of the filing of his petition was Irvington, New Jersey. Petitioner was employed from January 1 to about September 15, 1967, by Farrand Controls, Inc. at Valhalla, New York and for the balance of the year by Vibra Screw Feeders, *291 Inc. On his return he claimed a deduction for mileage in the amount of $1,470.45. This was based on the application of a rate of five cents a mile for the total mileage claimed to have been traveled between Irvington, New Jersey and Valhalla, New York, the place of petitioner's employment during the period January 1 - September 15, 1967. Petitioner's mother, who was 86 years of age in 1967 and who suffered a heart condition from which she would "blackout" occasionally, lived with him at his home in Irvington, New Jersey. His mother suffered from frequent fainting spells for which the doctor prescribed the administration of oxygen. Relatively large amounts of oxygen were required because occasionally the patient would be required to breathe oxygen for as long as 3 hours during or after an attack. Because a small oxygen canister was not always handy when a fainting spell occurred, petitioner installed a system of copper tubing to supply oxygen to various places in the house. The installation included pressure regulators required at the source of supply. The oxygen was supplied from 2 or 3 standard 5 foot, 160 pound, steel cylinders. The cylinders were connected to the system's pressure *292 regulators which reduced the cylinder pressure of 2,200 pounds per square inch to 40 pounds per square inch of line pressure. This pressure was further regulated by a flow valve at each output station where it was supplied to the patient through a mask. It was necessary to check the pressure regulators at least once a day as any seepage through their valves would continue to raise the line pressure to a point which would eventually burst the copper tubing. This could cause a fire or an explosion. The petitioner was unable to secure local help to maintain the system. Petitioner stated that if it were not for the necessity for returning home every evening from Valhalla to Irvington to supervise and maintain the oxygen system he would have maintained an apartment in Valhalla. Since, he argues, Valhalla is his tax home, his visits to Irvington where he stayed overnight were basically trips incurred in order to provide his mother with the necessary medical care required by her condition and prescribed by a physician. In short, the petitioner is arguing that he had a "constructive residence" in Valhalla. We cannot agree. The petitioner actually resided in Irvington. He traveled to and *293 from Valhalla for several purposes. One of his purposes was to travel to and from his place of employment; another was to return home to see that his mother was adequately supplied with needed oxygen whenever the occasion arose. He also actually used the house at Irvington as his residence. Section 1.213-1 (e)(1)(iv) Income Tax Regs., require that expenses paid for "medical care" shall include those "paid for transportation primarily for and essential to the rendition of the medical care * * *". (Emphasis supplied) "Primarily" in its ordinary everyday sense means "of first importance" or "principally". Malat v. Riddell, 383 U.S. 569 (1966). We find that petitioner's travel between Irvington and Valhalla was not transportation "primarily for and essential to the rendition of medical care" to his dependent mother. James Donnelley, 28 T.C. 1278 (1957), affd. 262 F. 2d 411 (C.A. 2, 1959). Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. 182