Ann Coopersmith v. Commissioner.
Coopersmith v. Commissioner
Docket No. 4633-70 SC.
United States Tax Court
T.C. Memo 1971-280; 1971 Tax Ct. Memo LEXIS 51; 30 T.C.M. (CCH) 1203; T.C.M. (RIA) 71280; November 2, 1971, Filed. Ann Coopersmith, pro se, 725 F.D.R. Dr., New York, N. Y. Richard M. Campbell, for the respondent. JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: The respondent determined a deficiency in petitioner's Federal income tax for 1967 in the amount of $589.54. *52 The issue for decision is whether petitioner is entitled to deduct certain automobile expenses incurred in going to and from work as medical expenses under section 213 or as ordinary and necessary expenses incurred in carrying on a trade or business under section 162 or as ordinary and necessary expenses incurred for the production or collection of income under section 212. Petitioner concedes the disallowance by respondent of claimed deductions; (1) for medicines and drugs in the amount of $230.50; (2) for maintenance and supplies of artificial limb and doctors' bills in the amount of $138.40; and, (3) for miscellaneous deductions in the amount of $422, was proper. Findings of Fact Some of the facts were stipulated and are found accordingly. During the taxable year, 1967, petitioner was employed by Playbill, Inc., 575 Fifth Avenue, New York City, New York. Petitioner resided at 725 FDR Drive, New York City, New York. Petitioner has an artificial limb and uses her automobile to travel to her place of employment and return. She has a special identification card which permits her to park at her place of employment. Petitioner's physical condition prevents her from using public *53 transportation. It is necessary for her to use her automobile or other private conveyance to reach her place of employment. Although she claims she must work "for physical therapy and occupational therapy" there is no evidence that petitioner's doctor recommended either employment as therapy for her physical condition or the use of a car for improving her health. The automobile expenses were not incurred primarily for the alleviation of a physical defect or illness. Opinion It is unfortunately true that the taxing statutes bear heavily on the physically handicapped who must use extraordinary modes of transportation to reach and return from their places of employemnt where the mode of transportation was not suggested or directed by a physician as a means of treating a physical condition. In James Donnelly, 28 T.C. 1278 (1957), the Court held that automobile expenses, incurred by a person under physical disability who could only get to his job and earn income through the use of a special automobile, did not represent expenses incurred for transportation primarily for and essential to medical care for the alleviation of a physical defect or illness, which is a requirement *54 for deductibility of expenditures under section 213. Petitioner contends that her case is similar to Sanford H. Weinzimer, T.C. Memo. 1958-137. In that case the taxpayer's doctor recommended taxpayer's employment as part of his therapy and the use of his car for improving his health. There are no such recommendations in this case. It cannot be said that the transportation expenses paid by the petitioner were primarily for and essential to the rendition of medical care. Therefore, she is not entitled to a medical expense deduction under section 213. See also section 1.213-1(e)(1)(iv), Income Tax Regulations.
James Donnelly, supra, also holds that even though a taxpayer suffers from a physical condition which requires him to use a special automobile, if its use does not qualify for the medical expense deduction, his expenses related to the automobile are commuter's expenses and therefore specifically not deductible. Section 262. Consequently, petitioner is not entitled to deduct the expenses related to the automobile as an ordinary and necessary expense either 1204 as incurred for the production of income under section 212 or as incurred in carrying on *55 a trade or business under section 162. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent.