DUANE A. CROSS and ANN C. CROSS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cross v. Commissioner
Docket No. 14087-81.
United States Tax Court
T.C. Memo 1982-686; 1982 Tax Ct. Memo LEXIS 51; 45 T.C.M. (CCH) 216; T.C.M. (RIA) 82686; November 29, 1982. Duane A. Cross, pro se. Steven R. Guest, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *52 OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1977 in the amount of $833. After concessions by both parties, the sole issue for decision is whether the petitioners are entitled to a deduction, under section 162, for expenditures incurred during 1977 for the cost and maintenance of work clothes. Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. The petitioners resided in Sunnyvale, California, at the time the petition herein was filed. During 1977, petitioner Duane A. Cross (hereinafter referred to as petitioner) was employed as a painter by D. Zelinsky & Sons, Inc. On the reverse side of the employee time sheets of D. Zelinsky & Sons, the following appears: TO OUR EMPLOYEES OUR SHOP RULES ARE FEW. We like to have observed, however, the rule that you wear clean, neat, white overalls and cap (no advertising) which should be changed every Monday morning. Be equipped with the customary painters' tools, a duster, puttyknife, scraper, pliers, screwdriver and hammer. *53 Be clean in your work and personal appearance. In accordance with this rule, petitioner wore white overalls while working as a painter. The overalls were equipped with special pockets and loops designed to carry the various tools described above. As petitioner worked, his overalls would become covered with paint which could not be removed. Petitioner's employer would not permit its employees to work in untidy overalls; therefore, it was necessary for petitioner to purchase new overalls on a regular basis. When petitioner's work involved spray painting, a pair of overalls could be used for approximately two weeks, otherwise petitioner could use a pair of overalls for approximately one month. During 1977, petitioner incurred expenses in the amount of $254 for the cost and maintenance of his overalls. The petitioners claimed a deduction for these expenses on their 1977 income tax return. This deduction was disallowed based upon respondent's determination that the expenses were personal in nature. Petitioner contends that the deduction should be allowed because he was required to wear white overalls which could not be used as ordinary clothing. We agree with petitioner. *54 Section 262 expressly prohibits the deduction of personal, living, or family expenses. As a general rule, expenditures for the purchase and maintenance of clothing are nondeductible expenses within the meaning of section 262, even though the clothing is worn by the taxpayer in connection with his trade or business. Dill v. Commissioner,8 T.C. 902 (1947). However, an expenditure for clothing will qualify as a trade or business expense, deductible under section 162, where the clothing is of a type specifically required as a condition of employment and it is not adaptable for general use as ordinary clothing. See Donnelly v. Commissioner,262 F.2d 411 (2d Cir. 1959), affg. 28 T.C. 1278 (1957); Mortrud v. Commissioner,44 T.C. 208 (1965). We find that these standards are satisfied in this case. Petitioner had no discretion with regard to the type of clothing that he wore while working as a painter. The evidence clearly shows that he was required to wear white overalls as a condition of his employment. In addition, since the overalls were exhibited at the trial, we are convinced that they could not, under the particular *55 circumstances herein, be used as ordinary clothing. Accordingly, we hold that petitioners are entitled to a deduction for the cost and maintenance of work clothes in the amount of $254 for 1977 as an ordinary and necessary business expense under section 162. See Hastings v. Commissioner,T.C. Memo. 1982-583; Busking v. Commissioner,T.C. Memo. 1978-415. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.