LAWRENCE K. WILLIAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 4764-89
United States Tax Court
T.C. Memo 1991-317; 1991 Tax Ct. Memo LEXIS 369; 62 T.C.M. (CCH) 110; T.C.M. (RIA) 91317; July 9, 1991, Filed *369 Decision will be entered under Rule 155. Lawrence K. Williams, pro se. Linda S. Schultz, for the respondent. GUSSIS, Special Trial Judge. GUSSIS
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rule 180 et seq. [1]
Respondent determined deficiencies in petitioner's Federal income tax for the years 1982 and 1985 in the respective amounts of $ 1,425 and $ 1,415. Respondent now concedes that there is no deficiency for the year 1982 and also concedes certain of the adjustments for 1985. The remaining issues are whether petitioner is entitled to certain Schedule A and Schedule C deductions, and whether petitioner is entitled to an overpayment with respect to his 1982 tax year. Petitioner was a resident of Sparks, Nevada, at the time the petition herein was filed. *370 On the relevant Schedule C of his 1985 tax return, petitioner indicated his principal business as a distributor for Amway products. The business name shown on Schedule C for petitioner's activities was WLMSLIK Enterprises. He claimed deductions for various items which included, inter alia, tools in the amount of $ 1,107.20, special clothing in the amount of $ 375.71, and office rent in the amount of $ 1,512.69. He also claimed a deduction on Schedule A of his 1985 return for a casualty loss of $ 2,700.00. Respondent disallowed these items in full. Petitioner claimed a deduction for office rent in 1985 in the amount of $ 1,512.69. It appears from the record that this deduction is a duplication of a deduction in the same amount claimed by petitioner on Schedule C of his 1985 tax return. Respondent is sustained on this issue. Petitioner claimed a casualty loss deduction under section 165(c)(3) in 1985 in the amount of $ 2,700 with respect to certain real estate located in Buffalo, New York. He also claimed this same amount on his return as a loss realized in an involuntary conversion of property under the provisions of section 1231. Respondent contends that petitioner is not *371 entitled to a deduction in this amount under either section. We agree with respondent. Petitioner owned certain residential property in Buffalo, New York, which he used for rental purposes. In 1979 the property was taken over and sold by the city of Buffalo for nonpayment of property taxes. Clearly, the controlling taxable event took place in 1979 and, consequently, any loss incurred under either theory would normally be deductible in 1979. Petitioner's contention that he is entitled to carry this capital loss of $ 2,700 forward to the year 1985 is not supported by the record and must be rejected. See sec. 1212(b). In order to carry over a capital loss from one year to a subsequent year, the taxpayer must show that there was an excess of losses over gains in an amount greater than that allowed to be deducted during the year of the loss and during the intervening years. See sec. 1.1212-1(b), Income Tax Regs. There is no satisfactory showing here that the amount of the loss in question could not have been deducted in the year of loss or in the intervening years. Accordingly, we conclude that petitioner is not entitled to a deduction in 1985 for the capital loss at issue. *372 Respondent is sustained. Petitioner claimed a deduction on Schedule C of his 1985 return designated as tools/equipment in the amount of $ 1,107.20 which was disallowed by respondent. Petitioner testified generally that this item included "wrenches, screwdrivers, screws" and "some other parts" which he purportedly used to maintain business vehicles, which included a Kawasaki motorcycle. Petitioner's testimony was vague and wholly unpersuasive. Moreover, petitioner has failed to substantiate the expenditures in question. In any event, respondent has allowed a Schedule C deduction for car and truck expenses in the amount of $ 2,736.75. We do not believe that petitioner has met his burden of showing that he is entitled to any further deduction for tools and auto parts in 1985. Respondent is sustained on this issue. Petitioner claimed a Schedule C deduction in 1985 for special clothing in the amount of $ 375.71 which was disallowed by respondent. The general rule for qualifying the cost of clothing as a deductible business expense under section 162(a) is that the clothing must be: (1) Of a type specifically required as a condition of employment, and (2) not adaptable to general *373 use as ordinary clothing. Donnelly v. Commissioner, 262 F.2d 411, 412 (2d Cir. 1959), affg. 28 T.C.1278 (1957). Petitioner testified that he wore a leather uniform, with helmet and steel-toe boots when he used his Kawasaki motorcycle in his business activities. It appears that the company logo appeared on the uniform. On this record, we conclude that petitioner is entitled to a deduction under section 162(a) for the cost of the leather uniform which carried the company logo. However, we believe that the helmet and steel-toe boots are clearly adaptable to general use by petitioner. Hence, under the above-stated criteria, the cost of said items does not qualify as a business expense deduction under section 162(a). The last issue is whether petitioner is entitled to a 1982 overpayment as reflected on his 1982 tax return. Petitioner's 1982 return in evidence was filed on September 8, 1986. We have considered his unsupported contention that he previously filed a timely 1982 return and we find it unpersuasive. Section 6511(a) provides, inter alia, that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the *374 time the return was filed or 2 years from the time the tax was paid, whichever period expires later. Where the 3-year period is applicable, the amount of credit or refund is limited to the tax paid within the 3-year period prior to the filing of the claim. Sec. 6511(b)(2)(A). Where the 2-year period is applicable, the amount of credit or refund is limited to the tax paid within the 2-year period prior to the filing of the claim. Sec. 6511(b)(2)(B). Section 6513(b)(1) and (2) provides here that any advance payments of tax are deemed paid on the due date of the return for that given year (i.e., April 15 of the following year). Under section 6512(b)(1) this Court has jurisdiction to award a refund or credit if it determines that an overpayment exists in one of the years at issue. However, section 6512(b) (2) imposes limits on the amount of credit or refund that are keyed to the limitations designated in section 6511(b)(2). This section provides that the amount of credit or refund is limited to (1) the aggregate of the sum paid after the mailing of the notice of deficiency, and (2) the portion of the tax paid within the period applicable under section 6511(b)(2) if on the date *375 of the mailing of the notice of deficiency a claim for refund had been filed. In this case, no amounts were paid after the notice of deficiency. Moreover, any advance payments of the 1982 tax are deemed paid on April 15, 1983, and consequently the period for filing a timely claim under section 6511 for such amounts expired on April 15, 1985. On these facts, it is abundantly clear that petitioner could not have filed a timely claim for credit or refund on the date of the mailing of the notice of deficiency. See also sec. 6402. Moreover, under those factual circumstances, the 1982 return filed on September 8, 1986, is clearly untimely as a claim for refund of any 1982 overpayment. We hold for respondent on this issue. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩