OLIVIA DRAKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Drake v. Commissioner
Docket No. 11549-90
United States Tax Court
T.C. Memo 1991-628; 1991 Tax Ct. Memo LEXIS 676; 62 T.C.M. (CCH) 1558; T.C.M. (RIA) 91628; December 17, 1991, Filed *676 Decision will be entered under Rule 155. Olivia Drake, for the petitioner. Michael D. Baker, for the respondent. GUSSIS, Special Trial Judge. GUSSIS
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rule 180 et seq. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for 1987 in the amount of $ 6,794.00 and an addition to tax under section 6661(a) in the amount of $ 1,698.50. Respondent agrees that petitioner is entitled to a deduction for State and local taxes in the amount of $ 1,143.53. Respondent also agrees that petitioner incurred medical expenses of $ 7,585 and that petitioner paid $ 120 for union dues and $ 300 for work clothing and shoes. The remaining issues are whether petitioner is entitled to certain Schedule A deductions claimed on her 1987 return and whether petitioner is liable for the addition to tax under section 6661(a) attributable to a substantial understatement of income tax for the year 1987. Some of the facts *677 were stipulated and are so found. Petitioner was a resident of Philadelphia, Pennsylvania, at the time the petition was filed. We note at the outset that the 2-percent floor on miscellaneous itemized deductions as enumerated in section 67 is applicable in determining the amounts allowable as deductions. See sec. 1.67-1T, Temp. Income Tax Regs, 53 Fed. Reg. 9875 (Mar. 28, 1988). Petitioner has the burden of proof on the issues before the Court. Rule 142(a). Petitioner is a steamfitter by occupation. Petitioner's miscellaneous deductions in 1987 included $ 60 for business journals which respondent disallowed. The journals in question appear to be of general interest. To establish deductibility of this amount, petitioner testified generally that she has purchased coins and has acquired money market accounts. We have considered petitioner's vague testimony and do not find it persuasive. We are unable on this record to find the necessary nexus to any business or profit-seeking activity carried on by petitioner. We conclude that the expenditures for these periodicals constitute a personal nondeductible expense. See sec. 262. Respondent is sustained. Petitioner *678 claimed a deduction of $ 2,200 in 1987 for a purported mail-order business which was disallowed by respondent. Petitioner testified generally that she paid this amount in 1987 for a charter to start a mail-order business. Petitioner offered no substantiation for this expenditure. Nor did she provide any informative details as to the precise nature of this activity and whether or not it was realistically commenced in 1987. In any event, petitioner did not report any Schedule C income in 1987 from such activity. In short, the 1987 return is silent with respect to such endeavor. On the basis of this meager and unconvincing record with respect to this issue, we are unable to find that petitioner incurred this expenditure or was engaged in such activity in any meaningful fashion in 1987. Consequently, respondent is sustained. Petitioner claimed a deduction in 1987 in the amount of $ 7,980 which she described on her tax return as bankruptcy payments. Respondent disallowed the deduction in full. Petitioner testified that the amount deducted included an attorney's fee of $ 1,000 in her personal bankruptcy action, payments to creditors of some $ 4,910, and miscellaneous court fees. *679 Apart from the fact that she filed for bankruptcy because she was unable to work, the record contains nothing to indicate some theory of deductibility for these amounts either under section 162 or section 212. In short, it is quite manifest on this record that the proceedings in bankruptcy were of a personal nature. We must therefore conclude that the payments and expenditures involved were nondeductible personal expenses pursuant to the provisions of section 262. Respondent is sustained. Petitioner claimed a deduction in 1987 in the amount of $ 1,280 for an item described on the tax return as a reinstatement fee. It appears from the record that the sum of $ 1,195 was owed to the Welfare Fund of Steamfitters' Local Union No. 420 (Philadelphia) as a result of an overpayment made to petitioner for health and welfare benefits to which she was not entitled. An income tax deduction is a matter of legislative grace, and the burden of clearly showing the right to the claimed deduction is on the taxpayer. Interstate Transit Lines v. Commissioner, 319 U.S. 590, 592, 87 L. Ed. 1607, 63 S. Ct. 1279 (1943). Petitioner has failed to meet this burden. Moreover, the record indicated that petitioner *680 did not in fact make the required repayment to the welfare fund in 1987 and that the trustees of the fund, in a subsequent year, were contemplating the recapture of this amount as a credit against petitioner's future benefit entitlement. On this record, we must sustain respondent. Petitioner claimed a deduction in 1987 for work clothes and tools in the amount of $ 600. Respondent agrees that petitioner incurred expenses of $ 300 for these items in 1987. Petitioner has the burden of proof. Rule 142(a). The general rule for qualifying the cost of clothing as a deductible business expense under section 162(a) is that the clothing must be: (1) Of a type specifically required as a condition of employment, and (2) not adaptable to general use as ordinary clothing. Donnelly v. Commissioner, 262 F.2d 411, 412 (2d Cir. 1959), affg. 28 T.C. 1278 (1957). Petitioner's testimony on this issue was vague and extremely general in nature. She provided no documentary evidence to establish the amounts she purportedly paid for work clothing. Given the sketchy nature of her testimony, we are unable to find that the items in question qualify as a deductible *681 business expense under the above test. Finally, her testimony with respect to the need to replace lost or damaged tools is conclusory in nature and completely unsubstantiated. On this record, we must conclude that petitioner is not entitled to any deduction for these items in excess of the amount allowed. Respondent agrees that petitioner paid union dues in 1987 in the amount of $ 120. Petitioner now argues that she is entitled to an additional deduction of $ 35 which she testified she was obligated to pay to the union. She described this payment as a "building trades fees" and a "Christmas fee." We conclude that petitioner is entitled to a deduction for this payment. Petitioner claimed medical expenses in 1987 of $ 16,075, which included medical and dental expenses of $ 11,915 and transportation and lodging of $ 4,160. Respondent agrees that petitioner is entitled to medical expenses in the amount of $ 7,585. Petitioner failed to establish any substantiation for any additional payments for medical expenses in 1987. With respect to the lodging and transportation expenses, petitioner indicated that the inclusion of this item as a medical expense was incorrect and that it actually *682 represented her travel expenses incurred in connection with her work at an out-of-state job site. Petitioner produced no substantiation for her lodging and transportation to meet the substantiation requirements mandated by section 274(d) to establish deductibility. Nor did she make any effort to explain the background of her out-of-state assignment. In certain instances, a taxpayer may be allowed a deduction for travel expenses associated with a job away from home if it is temporary, rather than indefinite in duration. Peurifoy v. Commissioner, 358 U.S. 59, 3 L. Ed. 2d 30, 79 S. Ct. 104 (1958). Employment is temporary if it is expected to terminate within a relatively short period of time and such termination is foreseeable. Stricker v. Commissioner, 54 T.C. 355 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). Determination of whether a job is temporary or indefinite is a factual question. Kasun v. United States, 671 F.2d 1059, 1061 (7th Cir. 1982). Except for generalities, petitioner provided no persuasive evidence on this issue. On this record, therefore, we must sustain respondent. Respondent determined an addition to tax for *683 1987 for a substantial understatement of income tax under section 6661(a). A substantial understatement exists if the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $ 5,000. Sec. 6661(b)(1)(A). Pursuant to section 6661(b)(2)(B), the understatement is reduced if it is based on substantial authority or is adequately disclosed on the return or in a statement attached to the return. It is evident on this record that neither of these clauses is applicable here. A Rule 155 computation will be required here and it will determine the resulting understatement in 1987. If the understatement exceeds $ 5,000 in 1987, the understatement is substantial, and petitioner is liable for the addition to tax since she has not established that any part of the understatement was due to substantial authority or was adequately disclosed on the return or in a statement attached to the return. Decision will be entered under Rule 155.