ROBERT L. CAMPBELL, JR. AND LINDA G. CAMPBELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Campbell v. Commissioner
Docket No. 2897-90
United States Tax Court
T.C. Memo 1992-66; 1992 Tax Ct. Memo LEXIS 71; 63 T.C.M. (CCH) 1979; T.C.M. (RIA) 92066; February 3, 1992, Filed *71 Decision will be entered under Rule 155. Robert L. Campbell, pro se. Richard L. Hunn, for respondent. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent by two notices of deficiency determined deficiencies in and additions to petitioners' 1986 and 1987 Federal income tax as follows: Additions To Tax
Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1986
$ 3,885.00
-
-
1987
2,463.38
$ 123.17
50% of the interest
due on the deficiency. After concessions, [2] the issues for decision are whether petitioners are entitled to deduct: (1) A claimed bad debt deduction for 1986; (2) interest expense for 1986 in an amount greater than allowed by respondent; (3) charitable contributions for both 1986 and 1987 in *72 amounts greater than allowed by respondent; (4) claimed work clothes expense for both 1986 and 1987; and (5) for 1987, a portion of the purchase price of a Triumph TR6 automobile. Lastly, we must also decide whether, for the 1987 tax year, petitioners are subject to the addition to tax for negligence. Some of the facts have been stipulated and are so found. The stipulation and accompanying exhibits are incorporated herein by reference. Petitioners filed their 1986 and 1987 tax returns jointly as husband and wife. At the time petitioners petitioned this Court they resided at La Marque, Texas. For convenience we address the facts and law for each issue separately. Petitioners bear the burden of proof as to each. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Only petitioner husband appeared for *73 the trial of this matter, and hereafter reference to petitioner in the singular is to Robert L. Campbell. Bad debt deduction. Sometime in 1983 petitioner's brother, Stephen, who was experiencing financial and marital difficulties, asked petitioner if he could borrow money. Petitioner gave his brother about $ 4,800 and advised him that he could take 3 years to repay it. The situation was handled informally; they did not execute a note evidencing a loan, nor did they establish a plan of installment repayments, nor did they discuss the payment of interest. Shortly thereafter, Stephen was divorced from his wife, and his whereabouts were often unknown to petitioner. Occasionally, Stephen contacted petitioner by telephone. The amount advanced by petitioner to Stephen had not been repaid as of the time of trial. On their 1986 tax return petitioners claimed a bad debt deduction in the amount of $ 2,500 for the unrepaid amount advanced to petitioner's brother. (Petitioner provided no explanation as to why the entire $ 4,800 was not claimed.) Respondent disallowed the deduction in the statutory notice of deficiency. Any debt which becomes worthless during the taxable year is deductible. *74 Sec. 166(a). A worthless nonbusiness debt is treated as a short-term capital loss. Sec. 166(d)(1). A nonbusiness debt is one that is not created, acquired, or incurred in connection with a trade or business. Sec. 166(d)(2). To establish entitlement to the deduction for a bad debt, petitioners must show that a bona fide debt was created between petitioner and his brother, and that the debt became worthless during the 1986 tax year. Andrew v. Commissioner, 54 T.C. 239, 244-245 (1970). Advances to relatives are subject to close scrutiny and are presumed gifts. Estate of Reynolds v. Commissioner, 55 T.C. 172, 201 (1970); Andrew v. Commissioner, supra at 245. The evidence in this case fails to establish that a bona fide debt was created. The purported loan is not evidenced by a promissory note. No specific repayment terms were established, and no interest payments were required. Moreover, petitioner brought no corroborating witnesses to trial; we have only his testimony that the amount advanced to his brother constituted a bona fide loan. We have serious doubts about petitioner's actual expectancy of repayment. *75 Assuming arguendo that a bona fide debt was created, petitioners have not shown that the debt became worthless in 1986, the year they deducted it. On their 1986 return petitioners indicated that the purported 3-year loan was due in December of 1986. Petitioner admitted at trial that he made no attempt to collect the debt, but argued it was uncollectible as his brother could not be readily located. We disagree. The record suggests that the loan was not delinquent as of the end of 1986, and no evidence exists indicating that the debtor repudiated his obligation to repay. We sustain respondent's disallowance of the bad debt expense deduction. Interest expense. On their 1986 tax return, petitioners claimed as a miscellaneous itemized deduction interest expense totaling $ 13,300 of which respondent allowed $ 9,667. Petitioners contend they should be allowed an additional amount for interest expense. The question is one of substantiation. At trial petitioner produced substantiation for credit card interest incurred for 1986 on various accounts totaling $ 946.81. This amount is not included in the interest expense figure allowed by respondent in the notice of deficiency, *76 and petitioners are therefore entitled to deduct this additional amount as interest expense for 1986. Charitable contributions. Petitioners regularly made cash contributions to their church utilizing envelopes supplied by the church and deposited in a collection basket at weekly services. At the end of each year petitioners received a letter of thanks from the church accompanied by a receipt indicating the amount they contributed for the year. In addition, petitioners made noncash donations of used clothing to the Salvation Army in 1986 and 1987. Petitioners claimed cash contributions to their church in the amounts of $ 650 and $ 890 for 1986 and 1987, respectively. Respondent disallowed these amounts for lack of substantiation. Much of petitioner's testimony respecting church contributions was credible. Because the yearly receipts sent by the church were no longer in petitioners' possession, petitioner phoned the church on the day before trial to request verification of contributions made in 1986 and 1987. In response he was told that for 1987 the information was readily available from computerized records; however, for 1986 a manual search was required. Due to the shortness *77 of time, petitioner was unable to produce substantiation of cash contributions for 1986, but was able to produce a computerized summary of petitioners' contributions to the church for 1987 totaling $ 789. Petitioners are entitled to deduct this amount for 1987. As to 1986 alleged contributions, we are mindful that petitioners had ample opportunity prior to the time of trial to secure the 1986 information from their church. Indeed the audit report was dated August 25, 1989, and they knew from that date that there was a question about this contribution. Petitioners have failed to sustain their burden on this issue. Petitioners also claimed noncash contributions of clothing to the Salvation Army in the amounts of $ 4,869 for 1986 and $ 4,340 for 1987. Respondent disallowed all but $ 285 and $ 1,865 of the amounts claimed in each respective year. Petitioner testified inconsistently and unconvincingly about the quantity, age, and condition of clothing items donated. Some of the testimony was simply not worthy of belief. On this record we hold that petitioners have not met their burden of proof regarding the value of noncash contributions. They are entitled to deduct only the *78 amounts allowed by respondent in the notice of deficiency. Work clothing. During 1986 and 1987 petitioner worked as a plastics technician for a chemical company. His job required that he work with a number of caustic chemicals. The company did not require employees to wear a uniform. On the job, petitioner wore denim shirts and trousers, and protective leather boots with steel toes. For both 1986 and 1987 petitioner claimed a miscellaneous itemized deduction in the amount of $ 250 for work clothing purchases and laundering expenses. Respondent disallowed the amounts claimed. While section 262 provides that personal expenses are generally not deductible, section 162 authorizes the deduction of ordinary and necessary business expenses. The deductibility of petitioner's work clothing expenses is a question of fact requiring that we reconcile the provisions of these two Code sections. See, e.g., Hynes v. Commissioner, 74 T.C. 1266, 1289 (1980). On this record we find that the denim clothing worn to work by petitioner was suitable for ordinary wear and was not required by his employer. We have consistently held that the expense of purchasing and laundering *79 such clothing is a personal expense and not deductible. Barone v. Commissioner, 85 T.C. 462, 469 (1985), affd. by unpublished opinion 807 F.2d 177 (9th Cir. 1986); Donnelly v. Commissioner, 28 T.C. 1278, 1280 (1957), affd. 262 F.2d 411 (2d Cir. 1959); Egner v. Commissioner, T.C. Memo. 1984-473; Hynes v. Commissioner, supra at 1290; Busking v. Commissioner, T.C. Memo. 1978-415. Petitioners are not entitled to deduct expenses relating to the purchase and laundering of petitioner's denim work clothing. On the other hand, the leather steel-toe work boots worn by petitioner were not adaptable to personal use and were necessary for petitioner's safety and protection. We have held expenses for this type of clothing deductible. See Kozera v. Commissioner, T.C. Memo. 1986-604; Jeffers v. Commissioner, T.C. Memo. 1986-285; Boback v. Commissioner, T.C. Memo. 1983-198. Petitioner did not provide receipts or other substantiation for the cost of his work boots, but he testified credibly that he wore *80 out two pairs a year. We estimate under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), that petitioners incurred deductible expenses of $ 100 in each year. The Triumph TR6 automobile. In August of 1986 petitioner purchased a 1972 Triumph TR6 automobile for $ 4,200. Petitioner made a down payment of approximately 20 percent of the purchase price and financed the balance over 36 months. On Schedule C attached to petitioners' 1987 tax return, petitioner reported a $ 2,500 business expense deduction for the "Purchase of [a] '72 Triumph TR6". The principal business listed at the top of the Schedule C is "Auto Refurbishing". The vehicle was destroyed in an automobile accident in 1988 while still owned by petitioner. Respondent disallowed the claimed deduction. Petitioner testified that he acquired the TR6 for the purpose of refurbishing it and reselling it at a profit. Even if we were to accept this testimony as truthful, under the facts of this case we can conceive of no Code section under which the purchase of the automobile would be deductible for either of the 2 years before the Court. Petitioner as much as admitted at trial that he incorrectly *81 claimed the deduction. We sustain respondent on this issue. Additions to tax. Respondent determined that for the 1987 tax year petitioners are liable for additions to tax for negligence under section 6653(a)(1). Negligence under section 6653(a)(1) is lack of due care, or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determination that petitioners' underpayment of tax was due to negligence is "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. a Memorandum Opinion of this Court. Petitioners failed to exercise ordinary care. On their 1987 return they overstated charitable contributions and claimed deductions which plainly were not allowable. We hold that the entire deficiency for the 1987 tax year is attributable to negligence. To reflect the foregoing and concessions. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue; all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners concede they are not entitled to deduct the cost of legal services claimed for 1987 in the amount of $ 2,250, and that they failed to report $ 185 of dividend income for 1987.↩