T.C. Summary Opinion 2016-8

UNITED STATES TAX COURT

SOFIEN BELTIFA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23217-14S.                    Filed February 18, 2016.

Sofien Beltifa, pro se.

<u>Gennady Zilberman</u>, for respondent.

SUMMARY OPINION

JACOBS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $6,139 in income tax and a section 6662(a) accuracy-related penalty of $1,228 for 2011. Petitioner timely filed a petition for redetermination in this Court. The issues for decision are whether petitioner is: (1) entitled to a claimed deduction for unreimbursed employee business expenses of $30,738; (2) entitled to a claimed deduction for medical and dental expenses of $11,400; (3) entitled to a claimed deduction for charitable contributions of $7,330; and (4) liable for the section 6662(a) accuracy-related penalty. Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar.

## Background

Some of the facts are stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in New York.

During 2011 petitioner was employed by a restaurant in New York City as a bartender/bar manager. He received a Form W-2, Wage and Tax Statement, from his employer for wages, tips, and other compensation totaling $71,072 ($14,120 in

wages and $56,952 in tips). Petitioner also received a Form 1099-G, Certain Government Payments, reflecting a State income tax refund of $1,940.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2011 on which he claimed itemized deductions of $46,884 on Schedule A, Itemized Deductions. Petitioner's itemized deductions consisted of: (1) medical and dental expenses of $11,400, which resulted in a net medical expense deduction of $5,925 after applying the 7.5% adjusted gross income floor of section 213(a); (2) State and local taxes of $4,352; (3) charitable contributions of $7,330; and (4) unreimbursed employee business expenses of $30,738, which resulted in a net miscellaneous itemized deduction of $29,278 after applying the 2% adjusted gross income floor of section 67(a). Respondent disallowed these deductions except for the deduction with respect to State and local taxes.

I.     Unreimbursed Employee Business Expenses

A.     Tips Petitioner Paid to Barbacks

Petitioner's duties as a bartender/manager included "calling in" liquor orders, taking liquor deliveries, and ensuring that the bar was fully stocked. Assisting petitioner were other employees, referred to as barbacks, who would help him in transferring, as needed, the liquor from the storage basement to the

bar. The restaurant had a policy of pooling tips paid by its patrons.[1] Petitioner claimed he gave his barbacks 20% of all the tips he received from the tip pools.

B.    Clothing Expenses

The restaurant did not require its employees to wear a uniform, but the restaurant requested employees to wear an all-black ensemble (black shirt, black tie, and black pants) while working. Petitioner testified he believed it necessary to look his best because he was one of the faces of the restaurant. "When you enter, you just see me and then you walk through. You see the host, you see me. I've got to look presentable." As a result, petitioner wore high-quality clothes while tending bar and spent a substantial amount for cleaning the clothes he wore.[2] The clothing petitioner wore for work could be worn outside of work.

---

[1]There were two tip pools. One pool was from tips paid by patrons who ate at the restaurant (restaurant tip pool); the second was from tips paid by patrons seated at the bar (bar tip pool). The restaurant tip pool was split among the wait staff, busboys, kitchen staff, bartenders and barbacks. The bar tip pool was split between the bartenders and the barbacks. In reporting petitioner's wages and tips to the Internal Revenue Service, the restaurant reported the tips petitioner received from both tip pools.

[2]Petitioner kept a change of clothing at the restaurant for work he performed when transferring liquor from the storage basement to the bar.

C.    Commuting Expenses

Petitioner often worked late.  As a result, when petitioner returned home, the commuter rail (Metro-North) for which he had a monthly pass generally had closed for the night.  Thus, petitioner asserts he was forced to use taxicabs when working late.  He estimated the cab fare for each nightly ride to be $60 and the total amount for cab fare in 2011 to be $8,242.

II.    Medical and Dental Expenses

Petitioner was a patient of the Sircolov brothers, who hailed from Russia. One brother is a medical doctor; the other is a dentist.  Petitioner alleges he paid for their services in cash; he had no receipts to corroborate this allegation.

III.    Charitable Contributions

Petitioner maintains he made substantial charitable contributions during 2011, including donations of money, children's clothing, baby formula, and toys to a needy neighborhood family.  Petitioner provided no documentation regarding these donations.

## Discussion

Generally, deductions are allowed only as provided by statute.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  The Commissioner's determination set forth in the notice of deficiency is generally presumed correct, and the taxpayer

bears the burden of showing that the Commissioner's determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[3]

I.      Unreimbursed Employee Business Expenses

A taxpayer may deduct expenses that are ordinary and necessary for his/her employment, provided the taxpayer was an employee and could not have been (and was not) reimbursed by his/her employer for such expenses. Rehman v. Commissioner, T.C. Memo. 2013-71. Section 6001 requires taxpayers to maintain records sufficient to substantiate any amount claimed.

Petitioner provided no documentation regarding his entitlement to the deduction he claimed for unreimbursed employee business expenses. Moreover, with respect to the deduction petitioner claimed for his clothing expenses, we are mindful that he was not required by his employer to wear any particular type of clothing, and the clothing which he did wear was of a kind adaptable generally to wear away from work as well as at work. Petitioner's clothing costs were thus personal expenses and not deductible even though petitioner felt it was necessary to wear high-quality clothes in order to look his best as one of the faces of the

---

[3]In certain circumstances the burden of proof with respect to factual matters may shift to the Commissioner. Sec. 7491(a). Petitioner did not argue that sec. 7491(a) applies herein, nor did he show that he met its requirements for shifting the burden of proof. Consequently, the burden of proof remains with petitioner.

restaurant. See Donnelly v. Commissioner, 28 T.C. 1278, 1280 (1957), aff'd, 262 F.2d 411 (2d Cir. 1959).

For the aforesaid reasons, we sustain respondent's determination with respect to petitioner's claimed deduction for unreimbursed employee business expenses.

II.     Medical and Dental Expenses

Section 213(a) allows a deduction for medical care not compensated for by insurance or otherwise. The amount of the deduction for medical care is limited to the excess over 7.5% of the amount of the taxpayer's adjusted gross income.

Petitioner provided no documentary evidence regarding his claimed deduction for medical and dental expenses. Because petitioner failed to meet his burden to show error in respondent's determination, we sustain respondent's disallowance of petitioner's claimed deduction for medical and dental expenses.

III.     Charitable Contributions

In general, section 170(a) allows a deduction for charitable contributions, but charitable contributions are deductible only if verified as set forth in regulations prescribed by the Secretary. Sec. 170(a)(1); Hewitt v. Commissioner, 109 T.C. 258, 261 (1997), aff'd without published opinion, 166 F.3d 332 (4th Cir. 1998). Section 170(f)(17) also provides that no deduction shall be allowed for any

contribution in cash or by check unless the donor maintains bank records or a written communication from the donee showing the name of the donee organization and the date and amount of the contribution. Section 1.170A-13(a), Income Tax Regs., provides that if a taxpayer makes a charitable contribution in cash or by check, he/she must maintain for each contribution one of the following: (i) canceled check; (ii) receipt from the donee; or (iii) other reliable written records showing the name of the donee, the date of the contribution, and the amount of the contribution. For a charitable contribution of $250 or more, the taxpayer must obtain a contemporaneous written acknowledgment from the donee that includes the amount of any cash contribution and a description (but not value) of any property other than cash contributed and states whether any goods or services were provided in exchange for the property contributed. Sec. 170(f)(8).

Petitioner provided no documentation to substantiate his charitable giving in 2011. Because petitioner bears the burden of proof in this matter, we sustain respondent's disallowance of petitioner's claimed charitable contribution deduction.

IV.   Accuracy-Related Penalty

Respondent argues that petitioner is liable for an accuracy-related penalty pursuant to section 6662(a) and (b)(1), which provides for a 20% penalty for an

underpayment of tax attributable to negligence or disregard of rules or regulations. Negligence as used in section 6662(b)(1) is defined as any failure to make a reasonable attempt to comply with the Code and any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348, 353 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). "Disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

The Commissioner has the burden of production with respect to the accuracy-related penalty. Sec. 7491(c). To meet this burden, the Commissioner must produce sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Upon the Commissioner's meeting his burden, the taxpayer must come forward with evidence sufficient to persuade the Court that the Commissioner's determination is incorrect. Rule 142(a); see Higbee v. Commissioner, 116 T.C. at 447. The taxpayer may meet his/her burden by proving that he/she acted with reasonable cause and in good faith with respect to the underpayment. See sec. 6664(c)(1); see

also Higbee v. Commissioner, 116 T.C. at 447; sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent satisfied his burden of production with respect to negligence. Petitioner failed to maintain records with respect to his claimed deductions as required by section 6001 and failed to provide documentation to support his position. Petitioner has not demonstrated reasonable cause for his underpayment of tax. Consequently, we hold that petitioner is liable for the section 6662(a) accuracy-related penalty for 2011.

To reflect the foregoing,

Decision will be entered

for respondent.