W. E. SNELLINGS and Janie M. Snellings, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 2159.

United States District Court
E. D. Virginia, Norfolk Division.

Oct. 8, 1956.

Willard P. McBain, Norfolk, Va., for plaintiff.

John M. Hollis, Asst. U. S. Atty., Norfolk, Va., for the Government.

HOFFMAN, District Judge.

This is an action instituted by the plaintiffs against the United States of America claiming a refund for the taxable year 1953 by reason of an alleged expenditure for the installation of an "invalid elevator" in the home of said plaintiffs, the basis of plaintiffs' contention being that the additional assessment imposed was erroneous and illegal. If the invalid elevator may be considered a medical expense under § 23(x) of the Internal Revenue Code of 1939,[1] the plaintiffs would be entitled to a recovery, the amount of which has been, by agreement, left to a subsequent stipulation of counsel.

Janie M. Snellings, one of the plaintiffs herein, resides at 906 Jamestown Crescent in the City of Norfolk, Virginia. She has been afflicted with hypertrophic arthritis, sometimes referred to as osteoarthritis, since the year 1936. From 1936 until November 10, 1947, the taxpayer was treated by Dr. Thomas Wheeldon, an outstanding orthopedic surgeon specializing in arthritis, whose office is in Richmond, Virginia. Subsequent to November 10, 1947, the taxpayer has received no medical treatment for her arthritic condition as, according to Dr. Wheeldon, she became unable to visit him. There is no evidence that Mrs. Snellings sought further medical attention in Norfolk for this condition. The testimony of Dr. Wheeldon indicates that her condition deteriorated progressively during the time he treated her and that it seemed unlikely to the physician that her condition would improve thereafter. The physician described the taxpayer's difficulties of traversing the stairs which would bring about incidents of pain, causing her to become incapacitated for several days. This condition would result in further harm brought about by reason of inactivity. Dr. Wheeldon did not prescribe the installation of the invalid elevator which took place in 1953.

The plaintiff, W. E. Snellings, husband of Janie M. Snellings, stated that his wife's condition had become such that, during the year 1953, it was practically impossible for her to traverse the stairway in the home on Jamestown Crescent. At that time Mrs. Snellings was approximately 71 years of age and, by reason of her advanced deteriorated arthritic con-

[1] Now incorporated in § 213 of the Internal Revenue Code of 1954, 26 U.S.C.A.

dition, the husband decided to install the invalid elevator at an expense of $1,880. A photograph of the elevator clearly reveals that it does not constitute an improvement to the premises from the standpoint of appearance and that under no circumstances could it be considered a capital improvement. While the Government contends that the installation of the elevator was because of the advanced age of the taxpayers and primarily a matter of convenience, the preponderance of the evidence clearly establishes that the elevator was installed to mitigate the aggravation of the arthritic condition.

Dr. John S. Thiemeyer, Jr., a recognized orthopedic surgeon in Norfolk, examined Mrs. Snellings on April 2, 1955, and referred to her condition as being markedly limited with respect to activity, with swollen joints of the hips, knees and ankles. He indicated that osteoarthritis was a degenerative change of the joints of the body. He further testified that, upon examination of the stairway, it would be painful, laborious and dangerous for the taxpayer to make the numerous trips required each day. He testified that definitely the elevator lessens the aggravation of the arthritic condition.

In the opinion of the Court the decision in this case is controlled by Hollander v. Commissioner of Internal Revenue, 3 Cir., 219 F.2d 934. While it is true that in the Hollander case the physician advised the installation of the elevator, it is not contended that the medical advice must be given as a prerequisite to constituting a proper deduction for medical expenses. It appears that the installation of the invalid elevator in the present controversy was incurred primarily for the prevention or mitigation of the disease known as osteoarthritis. It differs with Hayne's Estate v. Commissioner, 1954, 22 C.T. 113, where there was no beneficial effect upon the mitigation or cure of the paralytic condition. In the Hayne's case the primary function was to solve a transportation problem, and not to mitigate the probable aggravation of the condition.

Deductible medical expenses are allowed for such items as artificial teeth, artificial limbs, eyeglasses, braces, crutches, hearing aids, Seeing Eye dogs, elastic stockings, etc. The letter and spirit of the Internal Revenue Code clearly indicates to this Court that the installation of elevators incurred not for the purpose of a capital improvement, but essentially to lessen the aggravation of an existing condition which may become progressively worse, is directly within the definition of medical care and should be allowed.

A judgment order will be entered in favor of the plaintiff for the amount to be determined by agreement of counsel.