Benjamin GINSBERG and Muriel Ginsberg, husband and wife, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

United States District Court
S. D. New York.
Dec. 14, 1964.

---

4. McGee v. International Life Ins. Co., 355 U.S. 200, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

Bernard Rabin, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for defendant; Bruno Lederer, Asst. U. S. Atty., of counsel.

LEVET, District Judge.

This is a motion by the United States for summary judgment in a tax refund action. Plaintiffs have countered with a cross motion for summary judgment.

For the purposes of its motion, the United States accepts the facts stated in the complaint, plaintiff Benjamin Ginsberg's deposition and answers to interrogatories and the medical report on his condition. These facts are as follows:

1. Benjamin Ginsberg was struck by a truck while serving in the United States Army during World War II.

2. As a result of this accident he suffered a severe injury to his left leg, which developed into chronic osteomyelitis of the left leg. He was hospitalized for several years as a result of this injury, and continued to receive medical treatment after the hospitalization ended.

3. Benjamin Ginsberg was suffering from this condition during the years 1956, 1957 and 1958. During these years he resided in The Bronx, New York, and was employed as a shoe store manager and salesman in Mt. Vernon, New York.

4. The distance between his residence and place of employment was 12 miles each way.

5. His physicians advised him against prolonged standing or walking and advised that he use an automobile to prevent future attacks or aggravation of his condition.

6. Plaintiff Benjamin Ginsberg used an automobile to commute to and from work in 1956, 1957 and 1958. His only other uses for the car were to take his family out on Sundays. In 1957 he also used the car on Sundays to commute to and from a bungalow in the country where his family was spending the summer.

7. Plaintiffs seek to deduct, as medical expenses, the automobile expenses incurred in 1956, 1957 and 1958.

LAW

Section 213 of the Internal Revenue Code of 1954 provides:

"(a) *Allowance of deduction.*— There shall be allowed as a deduction the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care * * *

* * * * * *

"(e) *Definitions.*—For purposes of this section—

"(1) The term 'medical care' means amounts paid—

"(A) for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body * * * or

"(B) for transportation primarily for and essential to medical care referred to in subparagraph (A)."

It may be stated that however unfortunate the plaintiff Benjamin Ginsberg may be, the cost of operating his automobile for the purposes just mentioned are not amounts paid "for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body."

It is my conclusion also that the monies so expended are not amounts paid "for transportation primarily for and essential to medical care referred to in subparagraph (A)."

The definition of medical care set forth above has been applied in a somewhat analogous group of cases involving elevators, Riach v. Frank, 302 F.2d 374 (9th Cir.1962) and cases cited at 376–378, and also in cases involving automobiles. In the elevator cases, persons suffering

from coronary and arthritic conditions were permitted to deduct the expense of installing elevators in their homes and, in one case, on hilly property adjacent thereto. The rationale appears to have been the following: The taxpayer was able to move about, but walking on stairs or hills would aggravate his physical condition. The elevator would greatly ease the job of getting about his property and, therefore, lessen the chance of deterioration in the taxpayer's condition as a result of such moving. In short, it contributes to the mitigation or prevention of disease.

In most of the cases so holding the courts were careful to distinguish the facts before them from those in Estate of Hayne, 22 T.C. 113 (1954), Riach v. Frank, supra 302 F.2d at 377–378; Hollander v. Commissioner of Internal Revenue, 219 F.2d 934, 936 (3d Cir.1955); Snellings v. United States, 149 F.Supp. 825, 826 (E.D.Va.1956). In Hayne it was held that the cost of installing an elevator which would enable a paralytic to leave his room was not deductible because it was not intended to have and had no beneficial effect in terms of the mitigation or cure of the taxpayer's condition.

The distinction between Hayne and the other elevator cases appears to depend ultimately on the fact that in Hayne the paralytic was unable to walk in any event; therefore, the elevator could not mitigate deterioration of his physical condition resulting from walking stairs.

In Donnelly v. Commissioner of Internal Revenue, 262 F.2d 411 (2d Cir.1959) the expense of operating an automobile was in issue. There, a victim of infantile paralysis and abdominal cancer sought to deduct the expense of operating his specially designed automobile to and from work. The court concluded that this expense "cannot be contained in the statutory definition of 'medical care.' * * * The fact that an indirect medical benefit may result from a personal expense does not make that personal expense deductible under the 'medical care' provisions of the statute. * * * Under the language of the statute deductible expenses are limited to those *primarily* incurred for medical care." Id. at 413. However, where employment was prescribed by a physician as therapy the taxpayer was permitted to deduct the expense of commuting to work. Misfeldt v. Kelm, 44 AFTR 1033 (D.Minn.1952).

▉▉▉ The circumstances here share with the elevator cases which granted the deduction the fact that use of the vehicle will probably mitigate aggravation of the taxpayer's condition. Nevertheless, the expense of using an automobile for commutation to work and pleasure is not *primarily* incurred for medical care where the employment is not prescribed as therapy. Secondary medical benefits do not suffice to justify the deduction. See Donnelly v. Commissioner of Internal Revenue, supra. In conclusion, the expense of maintaining an automobile which is used for pleasure and commutation to work by one who, suffering from chronic osteomyelitis, has been advised by his physician to avoid prolonged standing and walking, is not deductible. In a case such as the present, no matter how much we may sympathize with Mr. Ginsberg we are limited both by the statute and by what we believe is a proper construction thereof by the Court of Appeals of this circuit.

Plaintiffs' motion for summary judgment is denied. Defendant's motion is granted.

Settle order on notice.